UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLAS RIVERO-PEREZ, A-240-723-364, | No.  1:26-cv-2587 DAD AC |
| Petitioner, | |
| v. | ORDER |
| WARDEN OF CALIFORNIA CITY DETENTION CENTER, | |
| Respondent. | |

Petitioner, a self-represented immigration detainee, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  ECF No. 1.  On April 13, 2026, the undersigned granted petitioner leave to proceed in forma pauperis and directed respondents to file an answer/return. ECF No. 4.  In response, respondent filed a motion to dismiss.  ECF No. 5.  The pending motion seeks dismissal based on plaintiff's failure to (1) name his immediate custodian and (2) make any factual allegations.  Id.

Rule 4 of the Habeas Rules Governing Section 2254 Cases[1] requires the court to summarily dismiss a habeas petition "[i]f it plainly appears from the petition and any attached

---

[1]  Rule 1(b) of the Rules Governing Habeas Corpus Cases Under Section 2254 allows a district court to apply any or all of the rules to other types of habeas corpus petitions including § 2241 petitions.

1

exhibits that the petitioner is not entitled to relief in the district court." Neiss v. Bludworth, 114 F.4th 1038, 1044 (9th Cir. 2024); Herbst v. Cook, 260 F.3d 1039, 1043 (9th Cir. 2001). "[A] petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted." Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971) (citations omitted).

The undersigned disagrees with respondent that petitioner's failure to name his immediate custodian warrants dismissal. "Under Federal Rule of Civil Procedure 21, the Court may, 'on its own,' and 'on just terms, add . . . a party.'" Castillo v. Ice Field Office Director, No. C26-0842 KKE, 2026 WL 1172910, at *1 n.1 (W.D. Wash. Apr. 30, 2026) (quoting Fed. R. Civ. P. 21). Here, although petitioner fails to name his immediate custodian, the petition clearly identifies the location of his detention—California City Detention Center. ECF No. 1 at 1. The Warden of California City Detention Center, therefore, was properly added to the docket under Federal Rule of Civil Procedure 21. See id.; Guatam v. Correctional Corp. of America, No. 3:25-cv-3600 JES DEB, 2026 WL 25846, at *2 (S.D. Cal. Jan. 5, 2026) (declining to dismiss habeas petition for want of jurisdiction where petitioner failed to name detention center warden as a respondent "[i]n light of Petitioner's pro se status and the liberty interests at issue"); Devilmar v. U.S. Immigration & Customs Enf't ICE, 3:26-cv-0009-JES-MSB, 2026 WL 130387, at *1 (S.D. Cal. Jan. 16, 2026) (same); see also Bailey v. Fulwood, 780 F. Supp. 2d 20, 25 (D.D.C. 2011) (court sua sponte adding prison warden as "the proper respondent" in habeas action under Rule 21).

However, the undersigned agrees with respondents that the petition is defective because it fails to allege any facts to state a claim. Section 2242 of Title 28 of the United States Code states that habeas petitions "shall allege the facts concerning the applicant's commitment or detention, the name of the person who has custody over him and by virtue what claim or authority, if known." 28 U.S.C. § 2242. Here, the form template petition provides only petitioner's name, the name of the institution at which he is being held, the address of that institution, and his Alien Number (A#). ECF No. 1 at 1-7. No other information, such as petitioner's country of nationality and/or citizenship, the circumstance leading to petitioner's detention, the length of his immigration detention, the grounds for relief, or the relief he seeks, is provided. Id. at 1-7.

2

Without this information the case cannot proceed.  However, there is no basis for a conclusion that amendment would be futile.

Because the petition does not set forth factual allegations which state a claim for relief, the court cannot determine whether his detention is lawful.  Rather than recommend dismissal of the petition, the undersigned will provide an opportunity for petitioner to amend.

In accordance with the above, IT IS HEREBY ORDERED that:

1.   Within fourteen days of the service of this order, petitioner may file an amended petition that provides factual allegations, his claims, and the relief he seeks based on those claims. Failure to file an amended petition will result in a recommendation that this action be dismissed for failure to state a claim for relief.

2.   Respondents' motion to dismiss, ECF No. 5, is DENIED without prejudice as moot.

3.   In order to ensure this court's jurisdiction to resolve the pending § 2241 petition, respondent shall not transfer petitioner outside of this judicial district, pending further order of the court.  See 28 U.S.C. § 1651(a) (establishing the All Writs Act which empowers the federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions . . . ."); see also F.T.C. v. Dean Foods Co., 384 U.S. 597, 604 (1966) (emphasizing that federal courts have the power to "to preserve the court's jurisdiction or maintain the status quo by injunction pending review of an agency's action").

DATED: May 26, 2026

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

3