UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLAS RIVERO-PEREZ, A-240-723-369, | No.  1:26-cv-2587 DAD AC |
| Petitioner, | |
| v. | ORDER |
| WARDEN OF CALIFORNIA CITY DETENTION CENTER, | |
| Respondent. | |

Petitioner, an immigration detainee proceeding without counsel, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Respondent filed a motion to dismiss based on plaintiff's failure to (1) name his immediate custodian and (2) make any factual allegations. ECF No. 5.  The undersigned disagreed with the argument that dismissal was warranted based on petitioner's failure to name his immediate custodian, but agreed the petition was defective because it failed to allege facts to state a claim for relief.  ECF No. 6 at 2.  On May 26, 2026, petitioner was granted leave to file an amended petition that provides factual allegations, his claims, and the relief he seeks based on those claims.  Id. at 3.  Petitioner was warned that "[f]ailure to file an amended petition will result in a recommendation that this action be dismissed for failure to state a claim for relief."  Id.  Respondent's motion to dismiss was denied without prejudice as moot.  Id.

1

On May 28, 2026, respondent filed a status report informing the court that petitioner was ordered released in Perez Blas v. California City Correctional Center, 1:26-cv-3523 EJD (E.D. Cal.).  ECF No. 7.  On June 2, 2026, petitioner was ordered to show cause no later than June 8, 2026, why this case should not be dismissed as moot.  ECF No. 8.  The deadline to file an amended petition and respond to the order to show cause has passed and petitioner has not filed an amended petition, responded to the order to show cause, or otherwise responded or sought an extension of time to do so.[1]

The court has confirmed that the petitioner in this case and 1:26-cv-3523 EJD is the same individual based on petitioner's name and A number (A 240-723-369).  The court has also confirmed that on May 19, 2026, petitioner was ordered immediately released from custody in 1:26-cv-3523.

The jurisdiction of federal courts is limited to "actual, ongoing cases or controversies." Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990).  "To invoke the jurisdiction of the federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be addressed by a favorable decision."  Id.  "This case-or-controversy requirement subsists through all stages of federal judicial proceedings[.]"  Id. Given that petitioner has been released from custody, and has not disputed mootness, the undersigned finds that no case or controversy exists and the petition is moot.  See Abdala v. I.N.S., 488 F.3d 1061, 1065 (9th Cir. 2007) (finding habeas petition challenging length of immigration detention moot because "there was no extant controversy for the district court to act upon" when petitioner was subsequently deported, "thereby curing his complaints about the length of his INS detention.").

Accordingly, IT IS HEREBY ORDERED that:

1.  This action be dismissed as duplicative and moot in light of the relief granted in Perez Blas v. California City Correctional Center, 1:26-cv-3523 EJD (E.D. Cal.); and

////

---

[1] Although it appears from the file that petitioner's copy of the May 26, 2026, and June 2, 2026, orders were returned, petitioner was properly served.  It is the petitioner's responsibility to keep the court apprised of his current address at all times.  Pursuant to Local Rule 182(f), service of documents at the record address of the party is fully effective.

2. The Clerk of the Court is directed to close this case.

DATED: June 12, 2026

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE